# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FIRST INTERNET BANK OF INDIANA, <br><br>Plaintiff, <br><br>v. <br><br>CLAYUDIU BARBONI, *et al.*, <br><br>Defendants. | Case No. 2:24-cv-01426-RFB-NJK <br><br>**ORDER** |

    This is a breach of contract action between lender First Internet Bank of Indiana ("FIBI") and Defendants. ECF No. 1. On August 5, 2024, Defendants removed to this Court from the Eighth Judicial District Court in Clark County, Nevada. ECF No. 1. On August 15, 2024, Plaintiff filed the instant Motion to Remand. ECF No. 7. The motion is fully briefed. ECF Nos. 10, 11. For the following reasons, the Court grants the motion in part and denies the motion in part.

    A federal district court has original jurisdiction under federal question and diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. When original federal jurisdiction exists but the matter was filed in a state court, the case may be removed under 28 U.S.C. § 1441(b). However, the forum defendant rule "confines removal on the basis of diversity jurisdiction to instances where no defendant is a citizen of the forum state." <u>Lively v. Wild Oats Mkts., Inc.</u>, 456 F.3d 933, 939 (9th Cir. 2006). Where removal was improper, the case may be remanded. 28 U.S.C. § 1447.

    There is no dispute that the Petition for Removal is premised solely on § 1332 diversity jurisdiction and that both Defendants are Nevada citizens. "The need for" the protection of diversity jurisdiction "is absent . . . in cases where the defendant is a citizen of the state in which the case is brought" and remand is appropriate. <u>See</u> <u>Lively</u>, 456 F.3d at 940. The Court finds that the Forum Defendant rule applies. § 1441(b)(2).

Apparently conceding the forum defendant rule applies, Defendants argue that nonetheless "several factors" made removal appropriate: (1) the Parties agreed their promissory note would be interpreted and enforced under federal law; (2) the note is held by the United States Small Business Association; and (3) FIBI consented to federal jurisdiction by stipulating to waiver of service and timely filing. First, there is not a "several factor" test for subject matter jurisdiction. 28 U.S.C. § 1441. Second, Defendants appear to argue that federal question jurisdiction is present. To establish federal question jurisdiction, Defendants must show a substantial and disputed federal issue. See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005). Neither the consent of the Parties nor the presence of a federal regulatory scheme can create a federal issue. See Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982); Peabody Coal Co. v. Navajo Nation, 373 F.3d 945, 951 (9th Cir. 2004). Therefore, the Court finds that there is no stated federal issue, and that federal question jurisdiction does not provide an alternative basis for removal. Therefore, remand is proper. § 1441(b)(2).

Finally, FIBI seeks attorney's fees. Attorney's fees and costs may be awarded against a defendant if its decision to remove lacked an objectively reasonable basis. 28 U.S.C. § 1447(c); Martin v. Franklin Cap. Corp., 546 U.S. 132, 141 (2005). However, removal is not objectively unreasonable "solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." Lussier v. Dollar Tree Stores, Inc., 518 F.3d 1062, 1065 (9th Cir. 2008). Here, Defendants' arguments are not objectively unreasonable.

Therefore, **IT IS ORDERED** that Plaintiff's Motion to Remand (ECF No. 7) is **GRANTED in part**. The case is **REMANDED** to the Eighth Judicial District Court. The motion is **DENIED in part** regarding attorney's fees. The Clerk of Court is instructed to close the case.

**DATED:** December 12, 2024.

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**